SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Robert CHESTMAN,
Defendant–Appellant,

United States of America,
Intervenor–Appellee.

No. 369, Docket 88–6171.

United States Court of Appeals,
Second Circuit.

Argued Nov. 3, 1988.

Decided Nov. 8, 1988.

Barry A. Bohrer, New York City (Otto G. Obermaier, David Meister, Obermaier, Morvillo & Abramowicz, P.C., New York City, of counsel), for defendant-appellant.

Robert L. Plotz, Asst. U.S. Atty. for S.D. New York, New York City (Rudolph W. Giuliani, U.S. Atty. for S.D. New York,

Kerri L. Martin, Asst. U.S. Atty., S.D. New York, New York City, of counsel), for intervenor-appellee.

Before WINTER, MINER and ALTIMARI, Circuit Judges.

PER CURIAM:

This case involves intervention under Rule 24, Fed.R.Civ.P., by the government into a civil case solely for the purpose of seeking a stay of discovery in that case pending completion of a criminal investigation concerning the same underlying facts. The district court denied intervention as of right under Rule 24(a) but granted permissive intervention under Rule 24(b). It then stayed discovery. Defendant, who has now been indicted, has appealed from the grant of intervention. Alternatively, he seeks a writ of mandamus vacating the order granting intervention. We dismiss the appeal for lack of jurisdiction and deny the petition for writ of mandamus.

 It is settled that "[to] qualify as [an appealable] collateral order, a decision must: (i) 'conclusively determine the disputed question'; (ii) 'resolve an important issue completely separate from the merits of the action'; and (iii) 'be effectively unreviewable on appeal from a final judgment.'" *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S.Ct. 1177, 1181–82, 94 L.Ed.2d 389 (1987) (citations omitted). In *Stringfellow*, the Supreme Court held that a trial judge's ruling on a motion to intervene pursuant to Fed.R.Civ.P. 24(a), (b) can be effectively reviewed on appeal from a final judgment and therefore cannot be challenged by interlocutory appeal. The appeal is therefore dismissed.

 We also deny the petition for writ of mandamus. As we recently stated in *In re Department of Investigation of the City of New York*, 851 F.2d 65 (2d Cir. 1988), a writ of mandamus will only be issued when an "'extreme need for reversal'" exists. 851 F.2d at 68 (citations omitted). Such an "extreme need" exists only where the district court engages in a "'clear abuse of discretion.'" *In re von Bulow*, 828 F.2d 94, 97 (2d Cir.1987) (citation omitted). Judge Ward's granting of the government's motion for intervention in no way satisfies these criteria.

Defendant has failed to show any prejudice to him, much less an "extreme need for reversal," arising out of the government's intervention. The only result of the intervention has been the staying of discovery, an order the district court could have entered *sua sponte*. Moreover, so far as preparation for the trial in the civil action is concerned, appropriate opportunities for discovery can be allowed when the stay is lifted. Chestman's defense of the civil case is thus not affected. So far as preparation for the criminal case is concerned, Chestman is not entitled to discovery in that proceeding.

Nor is there a "clear abuse of discretion." The government had a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter. Allowing intervention under either Rule 24(a) or (b) was therefore not a "clear abuse of discretion."

The appeal is dismissed. The petition for writ of mandamus is denied.