902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William MALLORY; Arthur Primus; Vera Johnson; Charles
Collins, II; Mary Ann Randolph, Plaintiffs-Appellants,
v.
George C. EYRICH, Chairman of Hamilton County, Board of
Elections; John H. Hermanies; John A. Wiethe; Don
Driehaus; The State of Ohio, Richard F. Celeste; Sherrod
Brown, Ohio Secretary of State, Defendants
The Hamilton County Municipal Court; Melba D. Marsh, Judge;
Albert J. Mestemaker, Judge; Deidra L. Hair, Judge;
Joseph A. Luebbers, Judge; Mark P. Painter, Judge; Jack
Rosen, Judge; David P. Davis, Judge; Nadine Allen, Judge;
Dennis Helmick, Judge; David J. Albanese, Judge; Timothy
S. Hogan, Judge; Edward Donnellon, Judge; Sylvia S.
Hendon, Judge; Harry H. McIlwain, Judge, Intervenors-Appellees.
 No. 90-3390.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1990.
 
 Before WELLFORD and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs appeal the district court's order of April 7, 1990, which granted intervention as of right to the Hamilton County Municipal Court and the judges thereof. The intervenors moved for intervention pursuant to Fed.R.Civ.P. 24(a) following the district court's order of March 30 which directed the creation of judicial districts for the election of judges to the Hamilton County Municipal Court. The district court granted intervention on the same day. The plaintiffs have filed a timely notice of appeal.
 
 
 2
 This Court has appellate jurisdiction to review all final decisions of the district court. 28 U.S.C. Sec. 1291. A judgment is considered final if it leaves nothing for the district court to do except execute the judgment. Catlin v. United States, 324 U.S. 229, 233 (1945). However, an order may be immediately appealable if it comes within the "collateral order" exception articulated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). To come within that exception, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). Upon review, it is concluded that the order which plaintiffs seek to appeal does not fall within that exception.
 
 
 3
 An order completely denying intervention is immediately reviewable by interlocutory appeal. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). However, an order denying intervention as of right, but granting permissive intervention has been held not immediately appealable. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987); see also S.E.C. v. Chestman, 861 F.2d 49 (2d Cir.1988) (ruling could be reviewed following final judgment and therefore no appeal or relief in mandamus). Further, an order granting intervention is not immediately appealable by a nonintervenor where the order could be reviewed on appeal from a final judgment. In re: 1975-2 Grand Jury Investigation, 566 F.2d 1293, 1301 (5th Cir.) cert. denied, 437 U.S. 905 (1978); In re: Estelle, 516 F.2d 480, 484 (5th Cir.1975) cert. denied, 426 U.S. 925 (1976). Review of this order shows no reason for a contrary conclusion.
 
 
 4
 It is therefore ORDERED that the plaintiffs' appeal is dismissed sua sponte for lack of jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit.