TWENTY FIRST CENTURY CORPORA-
TION and Twenty First Century/Al-
lied Corporation, Plaintiffs,

v.

Joseph LaBIANCA, Richard Redzinski, Stephen Klemas, Michael J. Malpiedi, John Ahern, Richard Mandel, Robert Goldfine, Lucille Malpiedi Goldfine, Stephen Delli Bovi, Linda Citrynell a/k/a "Linda Drost," Delli Bovi Construction Corp. d/b/a "B.G. Improvement," J.M. Masonry & Tile Works, Inc., Allen Citarella d/b/a "Backflow Specialties," Angelo Vignola, D & D Electric Co., James M. Ahern, James Michaels, Inc. and Lillian Tesi, Defendants.

No. CV–92–2913.

United States District Court,
E.D. New York.

Sept. 25, 1992.

James A. Moss, Herrick Feinstein, New York City, for plaintiffs.

Gerald Kadish, New York City, for defendant Joseph LaBianca.

Richard A. Rehbok, New York City, for defendants Michael J. Malpiedi and Lillian Tesi.

Stains, Dillen, Bock, Kelly & Merle, New York City, for defendants Stephen Delli Bovi, Delli Bovi Const. Corp., J.M. Masonry & Tile Works, Inc. and Greico Steel.

Michael H. Soroka, Garden City, N.Y., for defendant Richard Mandel.

Michael F. Mongelli, Flushing, N.Y., for defendants James Ahern, James Michael Ahern and James Michael, Inc.

Eugene P. Cimini, Jr., Jaspen, Ginsberg, Schlesinger, Silverman & Hoffman, Garden City, N.Y., for defendants Angelo Vignola and D & D Elec. Co.

Lawrence Schoenbach, New York City, for defendant Richard Redzinski.

Andrew J. Maloney, U.S. Atty., Elliot M. Schachner, Asst. U.S. Atty. for intervenors (gov't).

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Defendant Richard Redzinski seeks an order staying all civil proceedings in this action pending completion of the related criminal trial. The government moves to intervene for the same purpose—to move for a stay of all civil discovery. For the reasons set forth below, these motions are granted.

### FACTS

Plaintiff in this action, Twenty–First Century Corporation, Inc. ("21st Century"), is a New Jersey corporation primarily engaged in the ownership and maintenance of thirty eight McDonald's franchises throughout the metropolitan area. In September of 1990, a grand jury sitting in the Eastern District of New York began investigating alleged criminal activities of plaintiff's then current and former employees. On June 19, 1992, the grand jury returned an indictment charging many of the defendants named in this case with criminal activity arising from and during their employ at 21st Century. That indictment, numbered 92–CR–579, is presently pending in this court and is set for trial on November 30, 1992.

Plaintiff filed this action in June of 1992 to recover from defendants damages sustained by reason of the following: alleged fraudulent conduct; breach of fiduciary duties; misappropriation of assets; acts of commercial bribery; and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. More specifically, the complaint alleges that defendants created sham corporations for the purposes of submitting fraudulent and inflated construction and security invoices; all funds diverted from the corporation allegedly were kicked back to the defendants. These claims are substantially similar to those charged in the criminal indictment. No civil discovery has yet taken place; however, defendant LaBianca issued a notice of deposition on defendant Redzinski, now postponed pending resolution of these motions.

There are several motions currently at issue. First, the government moves to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of moving to stay of discovery until completion of the criminal trial. The government has attempted to obtain the consent of all parties to its motion to intervene and stay discovery; several of the defendants have refused to consent, but the plaintiff has agreed.

Second, Redzinski, an unindicted co-conspirator in the criminal action, also moves to stay the civil proceedings. On June 12, 1992, Redzinski pleaded guilty to a separate but related criminal charge involving a conspiracy to commit mail fraud. Both Redzinski's attorney and the government state that sentencing will not proceed until the remaining defendants are tried. Since he has not yet been sentenced, Redzinski intends to assert his fifth amendment right against self-incrimination with respect to the averments against him in this case.

Redzinski has cooperated and continues to cooperate in the United States' investigation of the scheme to defraud 21st Century, and the government believes that he will be an important witness in the criminal case. Accordingly, they seek to prevent premature disclosure of the confidential information provided by Redzinski. Aware of the competing interests at stake, the government promises to "make every effort to minimize the effects of a stay on this action. The United States is prepared to go to trial ... on the scheduled date and expects that the trial will last approximately three to four weeks." (Okula Aff., ¶ 10).

## DISCUSSION

### United States' Motion To Intervene

■ Under Rule 24(a) of the Federal Rules of Civil Procedure a party may intervene as of right in an action when he "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest...." Fed.R.Civ.R. 24(a)(2). Rule 24(b) alternatively permits permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.R. 24(b)(2).

As a rule, district courts in this Circuit have allowed the government to intervene in civil actions—especially when the government wishes do so for the limited purpose of moving to stay discovery. For example, in *First Merchants Enterprise, Inc. v. Shannon,* 1989 WL 25214, *2, 1989

U.S.Dist. LEXIS 2512, *5 (March 14, 1989), the government contended that its ongoing criminal investigation would be prejudiced if civil discovery concerning the same facts and circumstances were allowed to proceed. Judge Haight granted the government's motion pursuant to Rule 24(b), although he refused to express a view as to the propriety of intervention as of right. *Id.; see also Board of Governors of the Federal Reserve System v. Pharaon,* 140 F.R.D. 634, 638 (S.D.N.Y.1991) (allowing state prosecutor to intervene in civil action when pending criminal action involved common questions of law or fact); *Radutzky v. Walert,* 87–CV–4340 (E.D.N.Y. June 15, 1989) (Nickerson, J.) (finding both forms of intervention appropriate because "[t]he United States, charged with enforcing federal criminal law, has an interest in the subject matter of [the civil] action.").

While the Second Circuit has not squarely held that such intervention is always appropriate, in *Securities and Exchange Commission v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988), it recognized in dicta the government's interest. The *Chestman* court stated that the government has a "discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery in the criminal matter." Accordingly, it found that the district court did not abuse its discretion in allowing intervention under either of the provisions of Rule 24. *Id.*

In this civil case, as in the cases cited above, the government seeks to intervene to protect its companion criminal prosecution from prejudice. Because the government has a limited purpose for intervention—moving to stay civil discovery pending disposition of the criminal case—this intervention will not "unduly delay or prejudice the adjudication." Fed.R.Civ.P. 24(b)(2). Therefore, the government's motion is granted.

### Motions to Stay Civil Proceedings

These motions to stay civil proceedings pending the outcome of the companion criminal case have two bases: first, defen-

dant Redzinski claims that allowing the civil action to proceed will impinge upon his fifth amendment right against self-incrimination; second, the government contends that defendants will obtain discovery materials through civil discovery rules that these defendants could not obtain as part of the more restrictive criminal discovery process. Either of these two justifications provides grounds for granting the motion to stay this civil action.

 "A federal district court has the inherent power, in the exercise of its discretion, to stay an action." *John's Insulation, Inc. v. Siska Construction Co.,* 671 F.Supp. 289, 297 (S.D.N.Y.1987) (citing *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Granting a stay of a civil proceeding to await the outcome of a pending parallel criminal investigation is appropriate " 'when the interests of justice seem ... to require such action.' " *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986) (*quoting United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970)). In making this determination, the court should balance:

> (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*Arden Way Associates v. Boesky,* 660 F.Supp. 1494, 1497 (S.D.N.Y.1987); *see also* M. Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203–04 (1989) (discussing elements of balance in detail).

1. *The Government's Motion to Stay Discovery*

 The leading case discussing the problem of balancing discovery interests in parallel proceedings is *Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). In that case, Judge Wisdom discussed the reasons for maintaining a narrower scope of discovery in criminal as compared to civil actions—including the danger of manufactured evidence and the one-sided availability of such discovery—and cautioned judges to be sensitive to this difference. *Id.* at 487 & n. 12. Judge Wisdom went on to assert that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Id.* at 487; *In re Ivan F. Boesky Securities Litigation,* 128 F.R.D. 47, 49 (S.D.N.Y. 1989) (Pollock, J.) (quoting *Campbell* for proposition that "the public interest in the criminal case is entitled to precedence over the civil litigant"); *Integrated Generics v. Bowen,* 678 F.Supp. 1004, 1009 (E.D.N.Y. 1988) (staying civil discovery pending completion of grand jury proceedings where it was "difficult to understand how the government could produce the information sought in the civil case without also revealing the focus of [a factually related] criminal investigation.").

Allowing civil discovery to proceed—including the deposition of defendant Redzinski—may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules. No party to this action contends that the civil case was brought solely to obtain broader discovery in the criminal case. *Cf. Dove v. Atlantic Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992) (courts justified in barring discovery when federal action brought chiefly for purpose of exploiting liberal discovery available in federal court). Nevertheless, this result may occur since the issues in the civil and criminal proceedings overlap extensively. *See Integrated Generics,* 678 F.Supp. at 1009 ("the decision of whether or not [to issue a stay] does not depend solely on whether this Court finds some wrongful intent ... to circumvent the criminal discovery rules").

Other factors in the balance also counsel in favor of granting the government's motion. Since the criminal trial is scheduled to proceed in November of 1992, little delay will be occasioned by granting the government a stay; thus, the plaintiff will suffer

minimal harm. As the government points out, the stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties. In addition, many of the interested parties have consented to this stay. Finally, courts are more likely to grant such stays when an indictment has already been issued, as is the case here. *See Par Pharmaceutical, Inc. Securities Litigation,* 133 F.R.D. 12, 13 (S.D.N.Y. 1990) (citing cases for proposition that courts in this Circuit regularly stay civil proceedings when "criminal investigation has ripened into an indictment.").

### 2. *Defendant Redzinski's Fifth Amendment Claim*

■ Defendant Redzinski presents another independent ground for granting the stay at issue. As a preliminary matter, a defendant who has pleaded guilty to criminal charges but has not yet been sentenced retains his constitutional right against self-incrimination. *United States v. Willard,* 919 F.2d 606, 608 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991); *United States v. Rodriguez,* 498 F.2d 302 (5th Cir.1974). Redzinski claims that he will be forced to assert his fifth amendment right in response to most of the charges in the complaint and will therefore risk liability on those charges. *See Brock v. Tolkow,* 109 F.R.D. 116, 120 (E.D.N.Y.1985) (discussing propriety of granting stay when defendants face choice between asserting rights against self-incrimination and civil liability). Alternatively, Redzinski will move to amend his complaint after he has been sentenced, thereby consuming resources of the court. Finally, it is relevant that this defendant did not create the problem he seeks to remedy. *See Arden Way v. Boesky,* 660 F.Supp. at 1498 (refusing to stay discovery because movant "deliberately courted the impediment he seeks to erect as a shield").

■ "Where invocation of the fifth amendment imposes undue sanctions or penalties on a defendant, a court may in its discretion stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the furtherance of the interests of justice." *Arden Way Assocs. v. Boesky,* 660 F.Supp. 1494, 1498 (S.D.N.Y. 1987). In *United States v. District Council of New York City,* 782 F.Supp. 920, 925 (S.D.N.Y.1992), the court refused to grant a stay for two unindicted civil defendants and one acquitted defendant. Judge Haight found that imposing on defendants the "unpleasant choice" between asserting their rights against self-incrimination and facing liability alone did not constitute undue prejudice. *Id.* However, the court recognized that pending indictments could change its calculus. *Id.* at 924. That Redzinski's sentencing awaits his cooperation in the criminal case provides an analogous reason for staying this action. *See Securities Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1376 (D.C.Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) (If "[t]he noncriminal proceeding ... might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) ... [and] delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.").

As noted above, all of the other equities also balance in favor of granting this stay; these include: the consent of various parties; the similarity of the civil and criminal matters; and the advanced stage of the criminal proceeding and its assured expeditious resolution. Thus, for all of the reasons provided above, the motions to stay the civil proceedings pending outcome of the criminal trial in this case is granted.

SO ORDERED.