**In re GRAND JURY INVESTIGATION.**

**UNITED STATES of America, Appellant,**

v.

**John DOE, Appellee.**

**Nos. 1420, 1904, Dockets 94–6221, 94–6287.**

United States Court of Appeals, Second Circuit.

Argued May 18, 1995.

Decided July 5, 1995.

**18**

Sean Connelly, Atty., U.S. Dept. of Justice, Washington, DC (Joseph A. Pavone, Acting U.S. Atty. for the N.D. of N.Y., Craig A. Benedict, Asst. U.S. Atty., Syracuse, NY, of counsel), for appellant.

George H. Lowe, Syracuse, NY (Bond, Schoeneck & King, Jonathan B. Fellows, Syracuse, NY, of counsel), for appellee.

Before: LUMBARD, ALTIMARI and MAHONEY, Circuit Judges.

LUMBARD, Circuit Judge:

The government appeals from two orders of the Northern District of New York (Munson, *J.*) directing it to allow two state agencies access to documents obtained from them by grand jury subpoenas. The court ordered the government to allow such access as would enable these agencies to comply with their own prior agreements with a private entity ("the Target Company")[1] to disclose relevant portions of these documents to the Target Company. On appeal, the government argues that (1) the Target Company lacks standing to assert the agencies' right of access to their own documents, and (2) the Target Company, as the subject of the grand jury investigation, should not be allowed pre-indictment access to these documents.

In 1991, the Target Company began constructing an extensive natural gas pipeline in New York. Subsequently, disputes about compliance with environmental requirements arose between the Target Company and two state agencies that oversaw the pipeline's construction. As a result, the Target Company filed an action in federal court challenging the regulatory authority of the two state agencies, while one of the agencies filed an action in state court alleging various environmental infractions by the Target Company. While these suits were pending, federal authorities commenced their own investigation.

In July 1992, the Target Company and the state agencies settled both the state and federal actions. The Target Company agreed to pay $2 million to the agencies, and in exchange was permitted to interview certain officials of the agencies regarding the alleged environmental infractions. The settlement agreements also allowed the Target Company to inspect documents in these agencies' possession that were relevant to the interviews. Between September and December 1992, the Target Company conducted several interviews pursuant to these agreements.

In January 1993, a federal grand jury in Syracuse issued subpoenas directing the two state agencies to produce documents that related to their respective investigations of the Target Company. The agencies turned over the requested materials without making copies. As a result, the Target Company was unable to proceed with its interviews.

In April 1993, the Target Company moved for the return of the subpoenaed materials to the two agencies. The court referred the matter to Magistrate Judge DiBianco, who dismissed the Target Company's motion for lack of standing. In August 1993, one of the agencies moved for access to its own documents, and the Target Company intervened. The magistrate also dismissed this motion, ruling that neither party had shown legitimate grounds for access. The Target Company alone appealed from this ruling to the district court. The court reversed the magistrate and ordered the government to allow the agency access to its own documents.

---

1. When referring to the entity in its opinion, the district court used the term "Target Company." At oral argument, the entity requested that its identity not be disclosed, and the government raised no objection. We therefore follow the district court's usage.

Thereafter, pursuant to another Target Company motion, the court ordered the government to allow the other agency access to its documents. In the latter ruling, the court noted that "the Government possesses the documents obtained through the grand jury subpoena based on the authority granted within the subpoena power of the court." The court explained that it relied on its "inherent supervisory powers over the use of process to compel the presence of witnesses and evidence" in issuing the orders in question. The government appeals from these two orders. We affirm.

■ Documents subpoenaed during a grand jury investigation remain the property of the entity that produced them. *United States v. Interstate Dress Carriers, Inc.,* 280 F.2d 52, 54 (2d Cir.1960). When such an entity asserts a legitimate need, it may obtain reasonable access to documents that it has produced. *See Robert Hawthorne, Inc. v. Director of Internal Revenue,* 406 F.Supp. 1098, 1132 (E.D.Pa.1976); *cf. In re Premises Known as 225, 1468 and 1470 Statler Towers v. United States,* 787 F.2d 796, 798 (2d Cir. 1986) (discussing owner's right of access to documents obtained pursuant to a search warrant). The agencies themselves thus enjoy, upon proper request, a right of access to the documents obtained from them. The government contends, however, that the Target Company lacks standing to assert this right on the agencies' behalf.

The government concedes that the Target Company has satisfied constitutional standing requirements as articulated in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d 351 (1992), by alleging (1) an injury in fact that (2) is caused by the government's action and (3) is redressable by court order. Rather, the government invokes the "prudential" limitation that litigants ordinarily lack standing to assert the rights of a third party. *See Craig v. Boren,* 429 U.S. 190, 193, 97 S.Ct. 451, 454–55, 50 L.Ed.2d 397 (1976). The government argues that because no obstacle prevents the agencies themselves from seeking access to their own records, the Target Company should not be entitled to assert their rights. *See Singleton v. Wulff,* 428

U.S. 106, 115–16, 96 S.Ct. 2868, 2874–75, 49 L.Ed.2d 826 (1976). We disagree.

■ In the present case, the agencies' sole interest in obtaining access to the subpoenaed documents is to enable them to comply with their contractual obligations of disclosure to the Target Company. Thus, the agencies' own interests in this matter are inextricably linked with those of the Target Company, obviating any prudential concerns about the Target Company's ability to assert these rights effectively. In any event, the prudential limitation on standing "stem[s] from a salutary 'rule of self-restraint' designed to minimize unwarranted intervention into controversies where the applicable constitutional questions are ill-defined and speculative." *Craig,* 429 U.S. at 193, 97 S.Ct. at 454–55. Here, the Target Company merely invokes the court's supervisory powers over the grand jury and its use of compulsory process. *Cf.* Charles A. Wright, 1 *Federal Practice and Procedure: Criminal* § 101, at 200 & n. 18 (2d Ed.1982) (discussing court's supervisory role and citing cases). Given the Target Company's contractual interest in obtaining access to the subpoenaed documents, it has standing to petition the court in this matter.

■ The government next contends that the disclosure agreements between the state agencies and the Target Company constitute an attempt to circumvent criminal discovery restrictions. The government argues that allowing the Target Company to enjoy preindictment access to these documents would improperly enable it to prepare against a grand jury investigation. We disagree.

In the present case, prior to the grand jury subpoena, the agencies freely consented to the Target Company's inspection of the documents in question, as part of comprehensive settlement agreements. This case is therefore distinct from those on which the government relies, in which the parties lacked an antecedent right of access to the documents, and sought to obtain access by invoking compulsory civil process. *See, e.g., Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); *Twenty First*

**20**

*Century Corp. v. LaBianca,* 801 F.Supp. 1007, 1010 (E.D.N.Y.1992).

Nor has the government shown how such access will impede or compromise the secrecy of its grand jury investigation. Consequently, the court did not abuse its supervisory powers in ordering the government to allow the state agencies and the Target Company access to the documents in compliance with the agreements between the agencies and the Target Company.

Affirmed.