Malee BUREERONG, et al., Plaintiffs,

v.

Tavee UVAWAS, et al., Defendants.

No. CV95–5958 ABC (BQRx).

United States District Court,
C.D. California.

Jan. 8, 1996.

Stewart Kwoh, Julie A. Su, Asian Pacific American Legal Center, Los Angeles, CA, Della Bahan, Glenn Rothner, Anthony R. Segall, Rothner, Segall, Bahan & Greenstone, Pasadena, CA, Dan Stormer, Hadsell & Stormer, Inc., Pasadena, CA, Lora Jo Foo, Laura Ho, Asian Law Caucus, San Francisco, CA, Lucas Guttentag, ACLU Immigrants Rights Project, San Francisco, CA, Mark Rosenbaum, ACLU Foundation of Southern California, Los Angeles, CA, for Plaintiffs.

Ronald C. Peterson, Caroline L. DeWitt, Heller, Ehrman, White & McAuliffe, Los Angeles, CA, for Defendant Mervyn's.

Scott W. Wellman, Wellman & Warren, Irvine, CA, for Defendant Tomato, Inc.

Robert Ezra, Ezra and Brutzkus, Encino, CA, for Defendant Bigin, Inc. d/b/a The Italian Club.

Steve K. Wasserman, Howard S. Blum, John P. Doyle, Wasserman, Comden & Cassleman L.L.P., Tarzana, CA, for Defendant L.F. Sportswear.

Richard L. Mann, Cynthia E. Fruchtman, Kyle P. Kelley, Richman, Lawrence, Mann, Greene & Chizever, Beverly Hills, CA, for Defendant B.U.M. International, Inc.

Nora Mandella, U.S. Atty., Richard E. Droogan, Michael J. Gennaco, Thomas D. Warren, Deval L. Patrick, Steven M. Dettelbach, Department of Justice, for the United States of America–Intervenor.

**1.** Plaintiffs have termed these defendants the "operators."

**2.** This set of defendants is referred to by the Plaintiffs as the "manufacturers." In their Op-

## ORDER RE: GOVERNMENT'S MOTION TO INTERVENE AND STAY CIVIL DISCOVERY

COLLINS, District Judge.

The Government's motion to intervene and stay civil discovery came on regularly for hearing before this Court on January 8, 1996. After reviewing the materials submitted by the parties, argument of counsel, and the case file, it is hereby ORDERED that the Government's motion is GRANTED.

### I. Factual and Procedural Background

This action is one of several civil and criminal proceedings stemming from allegations that the Plaintiffs, who are immigrants from Thailand, were falsely imprisoned by certain of the Defendants, and held in a system of peonage and involuntary servitude. On September 5, 1995, Plaintiffs filed a Complaint against Defendants TAVEE UVAWAS, SUNEE MANASULANGKOON, SUPORN VERAYTWILAI, THANES PANTHONG, PRAWIT PHAPHARASUJSERM, SANCHAI PONGPRAPIN, NUTTAPHAM KETWATTHA, MALINEE CHINWALANA, RAMPA SUTHAPRASIT, SUNTON RAWUNGCHAISUNG,[1] all individually, and dba SK FASHIONS, S & P FASHIONS, and D & R FASHIONS, for peonage and involuntary servitude, various labor violations, violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), violation of 42 U.S.C. § 1985(3), fraud, misrepresentation, intentional infliction of emotional distress, assault, and false imprisonment. On October 25, 1995, Plaintiffs filed a First Amended Complaint, adding as Defendants MERVYN'S, TOMATO, INC., L.F. SPORTSWEAR, MS. TOPS OF CALIFORNIA, INC., TOPSON DOWNS OF CALIFORNIA, INC., F–40 CALIFORNIA, INC., NEW BOYS, INC., BEGIN, INC., ITALIAN CLUB, and B.U.M. INTERNATIONAL, INC.[2]

position to the Government's motion, the "manufacturers" refer to themselves as the "customer defendants."

On August 17, 1995, a federal grand jury returned an criminal indictment against Defendants SUNI MANASURANGKUN, TAVEE UVAWAS, SUNTON RAWUNGCHAISON, RAMPA SUTHAPRASIT, SUPORN VERAYUTWILAI, SEREE GRANJAPIREE, WANDEE HONG, THANES PANTHONG, AND SUKIT MANASURANGKUL for variety of offenses, including transporting illegal aliens, harboring illegal aliens, inducing illegal aliens to enter the United States, and employing illegal aliens. *United States v. Manasurangkun,* Case No. CR 95–714(A) ABC. On November 9, 1995, the grand jury returned a superseding indictment against these same defendants (under different names), as well as Defendant CHAVALIT MANASURANGKUN.[3] As stated by the Government, the essence of the pending charges is that the criminal defendants conspired to kidnap Thai nationals, import them into the United States, and hold them in involuntary servitude in several garment factories.[4]

On November 29, 1995, Defendant Topson Downs served a First Set of Special Interrogatories on the Plaintiffs in this case. Also on November 29, 1995, Defendants Topson Downs, Ms. Tops, and F–40 California noticed the deposition of King Cheung, the Deputy Labor Commissioner of the California Department of Industrial Relations, Division of Labor Standards Enforcement. On November 30, 1995, the Government was informed that discovery had commenced in this civil action.

On December 7, 1995, the Government filed an ex parte application to intervene and stay all discovery pending the resolution of the Government's motion to intervene and stay civil proceedings (which was lodged concurrently with the application).[5] In conjunction with the ex parte application, the Government submitted the declaration of Michael Gennaco, filed *in camera* and under seal. The Gennaco Declaration deals solely with the timing of the hearing on the Government's motion to stay. On December 11, 1995, the Court granted the Government's application to intervene. In addition, the Court stayed all discovery, pending its ruling on the Government's motion to intervene and stay.

On December 14, 1995, Plaintiffs filed a notice of non-opposition to the Government's motion to intervene and stay. On December 26, 1995, Defendants Ms. Tops, Topson Downs, and F–40 California filed an Opposition to the Government's motion. On December 29, 1995, the Government filed a Reply.

## II. Discussion

### A. Intervention

In its December 11, 1995 Order, the Court permitted the Government to intervene to apply for a temporary stay of civil discovery. In its motion, the Government again seeks to intervene, and then moves to stay civil discovery pending the conclusion of the criminal trial.

 Under Federal Rule of Civil Procedure 24(b)(2), a third party may intervene in an action when its "claim or defense and the main action have a question of law or fact in common." The existence of a "common question" is liberally construed. Schwarzer, et al., *Federal Civil Procedure* § 7:250 (citing *Stallworth v. Monsanto Co.,* 558 F.2d 257,

---

3. The Defendants in the criminal case will be referred to as the "criminal defendants."

4. There are also two other parallel civil proceedings: (1) *Robert B. Reich, Secretary of Labor, United States Department of Labor v. Tavee Uvawas, individually and doing business as SK Fashions, et al.,* Case No. CV 95–5474 WKD (JRx) and (2) *Victoria Bradshaw, Labor Commissioner, State of California v. Tavee Uvawas individually and dba SK Fashions, et al.,* Los Angeles Superior Court Case No. BC 133180.

5. Apparently, there has been some confusion as to what the Government is specifically requesting. The heading on the Government's motion states that it seeks to "stay civil proceedings." Both the Plaintiffs and the opposing Defendants have apparently interpreted that to mean that the Government seeks to stay the entire civil case. However, in its Reply, the Government emphasizes that it requests only a stay of civil discovery pending the conclusion of the criminal trial. The Government "has no objection to the continuation of motions practice, status conferences, or settlement negotiations during the criminal case." Government's Reply at 4 n. 3.

265 (5th Cir.1977)). In addition to showing that common questions exist, the intervening movant must show an independent ground for jurisdiction, and the motion to intervene must be timely. *Greene v. United States,* 996 F.2d 973, 978 (9th Cir.1993). If these conditions are met, then the question of whether a party will be allowed to intervene is within the sound discretion of the trial court. *See Venegas v. Skaggs,* 867 F.2d 527, 530 (9th Cir.1989), *aff'd* 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990) (quoting *Securities and Exchange Comm'n v. Everest Management Corp.,* 475 F.2d 1236, 1240 (2d Cir. 1972)) ("Rule 24(b) necessarily vests 'discretion in the district court to determine the fairest and most efficient method of handling a case....' "). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b). In addition, a court may consider other factors, including whether the movant's interests are adequately represented by existing parties and judicial economy concerns. *Venegas,* 867 F.2d at 530–31.

■ The charges brought by the Government in the criminal case obviously address legal and factual questions common to this civil case. As stated by the Government, common questions of fact and law include whether the Plaintiffs were held in involuntary servitude, who allegedly knew about Plaintiffs' condition, who allegedly conspired to keep them in involuntary servitude, among many other issues. Further, the Government's motion is not untimely. The Government filed its initial ex parte application to intervene only one week after it received notice that discovery in this case had commenced.[6]

Therefore, the United States satisfies the conditions necessary to intervene in this case, and it is up to this Court, in its discretion, to determine whether the Government *should* be allowed to intervene. Clearly, the Government's intervention is warranted in this case. "It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Securities and Exchange Comm'n v. Mersky,* 1994 WL 22305 (E.D.Pa. Jan. 25, 1994) (citation omitted); *see also Thornhill v. Otto Candies, Inc.,* 1994 WL 382655 (E.D.La. July 19, 1994) (granting a similar government request); *Twenty First Century Corp. v. LaBianca,* 801 F.Supp. 1007 (E.D.N.Y.1992) ("[a]s a rule, district courts ... have allowed the government to intervene in civil actions—especially when the government wishes [to] do so for the limited purpose of moving to stay discovery."). In this case, the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties. The Government has a distinct and "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Securities and Exchange Comm'n v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988). Clearly, neither the Plaintiffs nor the Defendants have this identical interest. Second, merely permitting the Government to intervene will not significantly delay this case or "prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b).[7] Therefore, the Government's motion to intervene is granted.[8]

6. Despite the Defendants' arguments to the contrary, the United States government obviously has an independent jurisdictional ground for intervention. *See* 28 U.S.C. § 1345 ("the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]").

7. Indeed, the arguments presented by the Defendants concerning delay and prejudice really go more to the stay, not to the actual intervention by the Government.

8. The opposing Defendants argue that the Government's motion to intervene is procedurally improper because the civil parties were not served with the Gennaco Declaration, which was filed *in camera* and under seal. The opposing Defendants assert that because the Government did not obtain permission to file a document under seal, the Gennaco Declaration should be ordered unsealed and then served on the parties. The opposing Defendants' position is meritless. First, the Gennaco Declaration only applied to the ex parte application (already ruled upon by the Court), and does not apply to this motion.

### B. Stay

■ As a general rule, a court has the inherent power, in its discretion, to stay civil proceedings "when the interests of justice seem[ ] to require such action." *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995) (quoting *Securities & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)) (other citation omitted). In deciding whether or not to grant a stay of civil proceedings pending a criminal trial, a court should look to "particular circumstances and competing interests involved in the case[s]," and consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons or entities not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Federal Savings and Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902–03 (9th Cir.1989).

■ After evaluating these various factors, it is clear that a stay of discovery is warranted. First, the Plaintiffs have not objected to such a stay. Second, the interests of the Government in protecting its criminal investigation are clearly the paramount concern here. As stated by Judge John Minor Wisdom, "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Campbell v. Eastland,*

307 F.2d 478, 487 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). And clearly, the Government's interest in the unhindered disposition of the extremely complex criminal case looms large over the opposing Defendants' concerns. A stay of discovery will protect the integrity of the Government's investigation and ensure that the Defendants will not use the civil discovery processes to obtain discovery "that is not authorized in a criminal case." *Thornhill,* 1994 WL 382655, *1 (citing *Campbell,* 307 F.2d at 488).

By contrast, the harm inflicted upon the Defendants by a stay in discovery is not particularly severe. The criminal trial is set to begin on February 27, 1996, and is estimated to last six weeks. Therefore, the stay is likely to last only three to four months. In the meantime, motion practice, settlement negotiations, and status conferences can proceed on-schedule.[9] Moreover, some common factual questions may be conclusively determined in the criminal action. This would pare down the issues to be determined in the civil case, and serve the interests of judicial economy by narrowing the focus of the action to the benefit of the litigants. Thus, a stay of civil discovery is clearly appropriate.

### III. Conclusion

For all of these reasons, the Court ORDERS that the Government's motion to intervene and stay civil discovery is GRANTED.

**SO ORDERED.**

---

Second, the Government has a strong interest in filing information under seal when its disclosure would jeopardize an ongoing criminal investigation. Third, the information revealed in the Gennaco Declaration is not material to this Court's decision in determining whether the Government should be permitted to intervene in this case.

9. Indeed, the opposing Defendants have a series of motions set for hearing on February 5, 1996. The disposition of these motions will not be affected by any stay in discovery.