**JAVIER H., Hector H., Miguel P., S.R.C., Juventino C., Juan G., Jonas G., L.P.R., B.C.V., and Marcos C., Plaintiffs,**

v.

**Maria GARCIA–BOTELLO, Elias Botello, Jose J. Garcia, Rogelio Espinoza, Anthony Piedimonte, Bruce Kirby, David Piedmont, Rodney Winkstern, Francis Domoy, Stephen Howard, James Kirby, Philip Vigneri, Ron Weiler, Robert Vendetti and Jose I. Garcia, Defendants.**

No. 02–CV–523S (SR).

United States District Court, W.D. New York.

Sept. 12, 2003.

Daniel Werner, Farmworker Legal Services of New York, Inc., New Paltz, NY, for Plaintiffs.

John J. Lavin, Sean Dennis Hill, Hill & McCready, Buffalo, NY, Monte B. Lake, Christine M. Cooper, Natalie K. Brouwer, McGuiness, Norris & Williams, LLP, Washington, DC, for Defendants.

Gretchen L. Wylegala, U.S. Attorney's Office, Buffalo, NY, for Movant.

## ORDER

SCHROEDER, United States Magistrate Judge.

### INTRODUCTION

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1) for all pretrial matters. Dkt. # 29.

Presently before the Court is the United States' motion to intervene, pursuant to Federal Rule of Civil Procedure 24(b)(2), for the limited purpose of staying discovery until the conclusion of the presentation of evidence in a related criminal trial, *United States v. Maria Garcia at al.,* 02–CR–110–S. Dkt. # 40. Plaintiffs in the above-captioned civil case ("farm-worker plaintiffs") support a stay of civil discovery. Dkt. # 63. Defendants Anthony Piedimonte, Robert Vendetti, Bruce Kirby, David Piedmonte, Rodney Winkstern, Francis Domoy, Stephen Howard, James Kirby, Philip Vigneri, and Ron Weiler ("grower defendants") neither oppose nor support a stay of discovery. Dkt. # 58. Civil defendants Maria Garcia and Elias Botello, and Jose J. Garcia ("contractor defendants"), also defendants in the pending criminal case, oppose the government's motion. Dkt. # 57; Dkt. # 62. For the reasons stated herein, the Court denies the United States' motion to intervene but, nevertheless, orders a stay of all discovery in the above-captioned matter until the close of all evidence in *United States v. Maria Garcia et al.,* 02–CR–110–S.

### BACKGROUND

On June 12, 2002, a federal grand jury sitting in Buffalo, New York returned an eighteen-count indictment against Maria Garcia, Elias Botello, Jose I. Garcia, Jose J. Garcia and Rogelio Espinoza. On July 22, 2002, plaintiffs filed a complaint in district court alleging that these defendants and others violated plaintiffs' rights under the Fair Labor Standards Act, the Migrant and Seasonal Agricultural Workers Protection Act, and various state tort laws.

The criminal and civil cases involve nearly identical questions of fact. The criminal charges and the civil complaint are predicated on the same alleged conduct. Both cases implicate the same contractor-farm-worker relationships during a shared time frame. The plaintiffs in the civil case are the alleged victims of the conduct charged in the criminal indictment. The overlapping questions of fact include whether the contractor defendants recruited the farm-worker plaintiffs near the Mexican border, transported them to Albion, New York, demanded payment for transportation, forced them to work for little or no money, and told them they were not free to leave. Several of the same witnesses and much of the same evidence will be produced to substantiate or refute these allegations. Five of the criminal defendants are defendants in the civil action. Moreover, three of these defendants have the same counsel representing them in both the criminal and civil cases.

## DISCUSSION

Rule 24(b)(2) of the Federal Rules of Civil Procedure permits anyone to intervene in an action, upon timely application, "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). In exercising its discretion to permit intervention, the Court is directed to "consider whether the intervention will unduly delay or prejudice the adjudication of the right of the original parties." *Id.* As a rule, federal district courts generally permit the United States to intervene for the narrow purpose of staying discovery pending the disposition of a related criminal matter. *See S.E.C. v. Credit Bancorp.,* 297 F.3d 127, 130 (2d Cir.2002); *S.E.C. v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988). A trial court, however, is vested with broad discretion to grant or deny permissive intervention, *see United States v. New York,* 99 F.R.D. 130, 134 (N.D.N.Y.1983), particularly when a case involves multiple parties and claims. *See S.E.C. v. Everest Mgmt. Corp.,* 475 F.2d 1236, 1240 (2d Cir.1972). Moreover, because a "federal district court has the inherent power, in the exercise of its discretion, to stay an action," *Twenty First Century Corp. v. LaBianca,* 801 F.Supp. 1007, 1010 (E.D.N.Y.1992); *Sidari v. Orleans County,* 180 F.R.D. 226, 228 (W.D.N.Y.1997), it may deny a motion to intervene, or decline to address the merits of such a motion, and nevertheless enter an order staying civil discovery. *See, e.g., In re Ahead by a Length,* 78 B.R. 708, 710 (Bankr.S.D.N.Y.1987) ("Because we ... have the power to stay discovery *sua sponte,* we decline to address the issue of intervention.").

■ The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986) (internal citations omitted); *see also S.E.C. v. Dresser Indus.,* 628 F.2d 1368, 1372 (D.C.Cir. 1980). When determining whether a stay of civil proceedings is appropriate, federal district courts generally weigh the following factors: (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interests of the courts; and (6) the public interest. *See Sidari,* 180 F.R.D. at 228; *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech.,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995); *LaBianca,* 801 F.Supp. at 1010. In the instant case, each of these factors weighs strongly in favor of granting a stay.

■ The risk that civil discovery will be used to circumvent criminal discovery limitations becomes much greater where the same facts are at issue, as in the instant case. *See S.E.C. v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988) (granting a stay of discovery because the same facts underlie the criminal and civil cases); *Brock v. Tolkow,* 109 F.R.D. 116, 119 (E.D.N.Y.1985) (reasoning that a "stay of discovery is most likely to be granted where the civil and criminal actions involve the same subject matter"). Allowing civil discovery to proceed would likely afford

defendants access to evidence to which they are not entitled under the criminal discovery rules and, thereby, prejudice the proceedings. *LaBianca*, 801 F.Supp. at 1010.

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." *Dresser*, 628 F.2d at 1376; *see also LaBianca*, 801 F.Supp. at 1011 ("[C]ourts are more likely to grant [civil discovery] stays when an indictment has already been issued"); *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13–14 (S.D.N.Y.1990) ("[C]ourts will stay a civil proceeding when the criminal investigation has ripened into an indictment."). If a grand jury indicts a party for conduct that is the subject of a civil action, as they have in the instant matter, the court is obligated to prevent that criminal defendant from "using parallel civil proceedings to gain premature access to evidence and information pertinent to the criminal case." *S.E.C. v. Doody*, 186 F.Supp.2d 379, 381 (S.D.N.Y.2002).

The private interests of the civil plaintiffs in this case do not outweigh the inherent risks in allowing civil discovery to proceed while a parallel criminal case is pending. The civil plaintiffs have waived their interest in proceeding expeditiously with this civil action by consenting to the government's motion to intervene and to stay discovery. In plaintiffs' reply to Garcia–Botello's response to the government's motion, plaintiffs explicitly request that the court grant a stay of discovery pending disposition of the criminal matter. Dkt. # 63.

Moreover, defendants' private interests weigh in favor of a stay. The civil proceedings, if not deferred, would undermine the defendants' privilege against self-incrimination under the Fifth Amendment of the United States Constitution. *Dresser*, 628 F.2d at 1376. It is likely that, if deposed in the civil case, the criminal defendants would invoke their Fifth Amendment privilege. Dkt. # 57, p. 5. If discovery moves forward, each defendant will be faced with the difficult choice

between asserting his or her right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case.[1] *See LaBianca*, 801 F.Supp. at 1011; *Brock*, 109 F.R.D. at 120. "Where invocation of the fifth amendment imposes undue sanctions or penalties on a defendant, a court may in its discretion stay proceedings, [or] postpone civil discovery." *LaBianca*, 801 F.Supp. at 1011 (quoting *Arden Way Assocs. v. Boesky*, 660 F.Supp. 1494, 1498–1499 (S.D.N.Y.1987)). Moreover, the grower defendants, who are not defendants in the criminal case, will not be burdened by a stay of civil discovery as they will be afforded more complete discovery at the time they must defend the civil case. *See, e.g., In re Ahead by a Length, Inc.*, 78 B.R. at 713.

A stay of discovery pending resolution of the criminal case clearly serves both the interests of the Court and those of the public. By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination. *See, e.g., In re Ahead by a Length, Inc.*, 78 B.R. at 713. Moreover, the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant. *See In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y.1989); *Integrated Generics v. Bowen*, 678 F.Supp. 1004, 1009 (E.D.N.Y.1988). "[A] trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *LaBianca*, 801 F.Supp. at 1010 (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962)).

The government concedes that it has no interest in the civil litigation and is therefore unable to assert either a claim or a defense. Dkt. # 64, p. 2. For this reason, the government's motion to intervene is denied. However, the Court finds that the interests of justice militate in favor of a stay of discovery.

---

1. Defendants' choices are rendered no less difficult by the fact that certain indigent defendants have been characterized by their attorney as "judgment proof." Dkt. # 57, p. 5.

Accordingly, the Court orders a stay of discovery in this matter until the conclusion of evidence in the related criminal case, *United States v. Maria Garcia et al.*, 02–CR–110–S.

**SO ORDERED.**