**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KASIM KURD, *et al.*,<br>Plaintiffs<br><br>v.<br><br>REPUBLIC OF TURKEY, *et al.*,<br>Defendants. | Civil Action No. 18-1117 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(December 27, 2022)

This case arises out of events that took place at a May 16, 2017 protest over Turkish President Recep Erdogan's visit to the District of Columbia. Plaintiffs were protesting President Erdogan's policies when they allege that they were attacked by Turkish security forces and civilian supporters of President Erdogan in two altercations outside the Turkish Ambassador's Residence and one altercation near the Turkish Embassy. These attacks form the basis of Plaintiffs' various claims against multiple Defendants who include the Republic of Turkey, individual members of the Turkish security forces, and civilian Defendants, including Ahmet Cengizhan Dereci and Mahmut Sami Ellialti.  Dereci and Ellialti are among those who were also indicted in connection to the May 16, 2017 incident.  *See* ECF No. 171 at 2, 5.

Now pending before the Court is Defendants Ahmet Cengizhan Dereci and Mahmut Sami Ellialti's [171] Joint Motion for Stay.  Defendants move for a stay until February 9, 2023, which is two weeks after the next hearing set for January 26, 2023 in the parallel criminal proceedings against them.  ECF No. 171 at 1, 5; *see* Docket Entry, *United States v. Ahmet Cengizhan Dereci*, No. 2017 CF3 014903 (D.C. Super. Ct. Oct. 19, 2022) (scheduling felony arraignment for Jan. 26, 2023); Docket Entry, *United States v. Mahmut Sami Ellialti*, No. 2017 CF3 014899 (D.C. Super. Ct. Oct. 19, 2022) (same).

The Court GRANTS Defendants' Joint Motion for Stay and ORDERS that the proceedings in this matter against Ahmet Cengizhan Dereci and Mahmut Sami Ellialti be STAYED until February 9, 2023.

## II. LEGAL STANDARD

It is well-established that a district court has discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case when the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This authority allows a court to "stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." *Sec. & Exchange Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), *cert. denied*, 449 U.S. 993 (1980). Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. *Id.* at 1376.

In determining whether to stay a civil proceeding pending the outcome of a related criminal proceeding, courts customarily weigh the following factors: "1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay." *Doe v. Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012) (JEB). "The court must make such determinations in the light of the particular circumstances of the case." *Dresser Indus. Inc.*, 628 F.2d at 1375.

## III. DISCUSSION

The Court finds that the four factors noted above counsel in favor of granting Defendants' Joint Motion for Stay.

### A. Relationship Between Civil and Criminal Actions

As for the first factor, the D.C. Circuit has recognized that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where," as here, "a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser Indus., Inc.*, 628 F.2d at 1375–76. "If both cases proceeded at the same time, this could implicate Defendant's Fifth Amendment rights." *Sipper*, 869 F. Supp. 2d at 116.

Here, the civil and criminal actions indisputably stem from the same event—the May 16, 2017 protest—and Defendants have already been indicted. ECF No. 171, Ex. A (indictment); *see Estate of Gaither ex rel. Gaither v. D.C.*, No. Civ. A. 03-1458, 2005 WL 3272130, at *4 (D.D.C. Dec. 5, 2005) (CKK) (where "there has been an indictment secured against criminal defendants… the case for a stay [is] a stronger one than had that not been the case"). As this factor is "often viewed as the most significant factor in the balancing test," *id.*, the Court finds that this weighs heavily in favor of a stay.

### B. Burden on the Court

The next factor also weighs in favor of a stay. As noted by various courts and mentioned by Defendants, a stay of discovery in a civil case until the resolution of a criminal case may well later streamline discovery in the civil case. *See Sipper*, 869 F. Supp. 2d at 117; *Estate of Gaither ex rel. Gaither* at *4 (collecting cases); ECF No. 171 at 7–8. Such streamlining is likely to be the case here which, in addition to potentially rebounding to a plaintiff's benefit, will also ease the

burden on the Court by avoiding unnecessary litigation and facilitating judicial economy. *See Estate of Gaither ex rel. Gaither* at \*4, \*6.

Plaintiffs argue that staying this matter will lead to piecemeal litigation, which strains the Court's resources, as this case is proceeding to discovery against at least three other individual Defendants. ECF No. 172 at 9. However, Plaintiffs' contention rests on their belief that Defendants are seeking an indefinite stay, which, as will be discussed below, is inaccurate. A delay of just over one month (until February 9, 2023) for Dereci and Ellialti will not cause discovery to become wildly asynchronous in relation to the other individual Defendants.

**C. Hardships or Inequalities if Stay is Granted**

The balance of hardships faced by the parties should a stay be granted favors Defendants for one main reason: discovery in this civil case could impact the criminal case to a significant degree. Discovery here could possibly implicate the Fifth Amendment rights of Dereci and Ellialti, which courts have recognized to be a "significant" "dilemma." *Sipper*, 869 F. Supp. 2d at 117. Notwithstanding the fact that there is "ample video evidence" of the May 6 events, ECF No. 172 at 10, that does not mean that Defendants would not testify, as Plaintiffs try to argue. Moreover, starting discovery in this case might unintentionally aid the indicted criminal defendants, who could obtain more information through civil discovery than they are entitled to under the criminal rules of discovery. *See Estate of Gaither ex rel. Gaither* at \*5; *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992) ("Allowing civil discovery to proceed… may afford defendants an opportunity to which they are not entitled under the governing criminal discovery rules.").

On the other side, the potential harm to Plaintiffs is not as great. Plaintiffs argue that a stay will continue to delay the prosecution of their claims and emphasize that they "remain

without compensation for their injuries now four-and-a-half years into this litigation." ECF No. 172 at 9. The Court does acknowledge that this case has progressed slowly, with various stays having already been granted, and that further extended delay weighs against the public interest in halting Plaintiffs from prosecuting their claims. The Court also recognizes that "[w]henever possible courts should avoid… drawn-out proceedings." *Rohr Industries, Inc. v. Washington Metropolitan Area Transit Auth'y*, 720 F.2d 1319, 1327 (D.C. Cir. 1982) (citations omitted). However, a delay of less than two additional months, when several years have already passed, is relatively insignificant. *Cf. Estate of Gaither ex rel. Gaither* at *4 (finding a delay of three months, when thirty-five months had passed, to be relatively insignificant).

## D. Duration of Requested Stay

Plaintiffs focus on this final factor in challenging Defendants' Motion to Stay; however, the Court finds that this factor, too, favors granting a stay. Plaintiffs argue that Defendants' request is for "what is effectively an indefinite stay." ECF No. 172 at 1. However, Defendants explicitly only request a stay through February 9, 2023, ECF No. 171 at 1, which is now just over one month away. Defendants do acknowledge that "the proposed stay would likely need to be revisited" upon its expiration. ECF No. 171 at 8. However, such a potential, future motion is not before the Court at this time.

As the primary basis for their motion, Defendants explain that after the January 26, 2023 hearing, they "will have a significantly clearer picture of how the criminal proceedings will continue." *Id.* at 5. In recent months, the government has dismissed charges against various other individuals who had been indicted for conduct on May 6, 2017. ECF No. 175 at 2. Additionally, Defendants indicate that it now "seems likely" that they can enter the United States, *id.*, whereas throughout the criminal case to date, Defendants have been unable to travel

to the District of Columbia to stand trial, ECF No. 171 at 4. Furthermore, Defendants represent that even if that is not the case, "the newly assigned judge will decide on January 26, 2023, how the criminal cases should proceed." ECF No. 175 at 2.

Plaintiffs contend that Defendants' narrative is speculative. ECF No. 172 at 6. They also argue that "a stay is inappropriate when the criminal proceedings have an uncertain end date—let alone, as here, an uncertain start date." *Id.* at 5–7. The Court acknowledges that there is an uncertain end date and that Defendants' criminal proceedings have faced numerous challenges in moving forward. *See generally United States v. Ahmet Cengizhan Dereci*, No. 2017 CF3 014903; *United States v. Mahmut Sami Ellialti*, No. 2017 CF3 014899. However, Plaintiffs are incorrect in arguing that there is an uncertain start date; rather, Defendants have been indicted and have participated in the litigation. *See, e.g.*, Docket Entry, *United States v. Ahmet Cengizhan Dereci*, No. 2017 CF3 014903 (D.C. Super. Ct. Apr. 21, 2022) (indicating that "representations were made by govt *and defense*…" and that defendant "appeared via WebEx") (emphasis added); Docket Entry, *United States v. Mahmut Sami Ellialti*, No. 2017 CF3 014899 (D.C. Super. Ct. Apr. 21, 2022) (same).

Plaintiffs also compare this case to others in which civil defendants sought a stay "pending the outcome of the criminal proceedings" entirely. *Id.* at 7 (quoting *Skinner v. Armet Armored Vehicles, Inc.*, No. 4:12–cv–00045, 2015 WL 540156 (W.D. Va. Feb. 10, 2015). That is not the case here; again, Defendants are only moving for a stay through February 9, 2023, not until the conclusion of their criminal proceedings.

Accordingly, the Court finds that the short duration of the requested stay also weighs in favor of Defendants. The Court does note that should Defendants ask for an additional stay after February 9, 2023, the Court will be very unlikely to grant an indefinite stay. *See Sipper*, 896 F.

Supp. 2d at 118 ("A stay with a limited duration, as presented here, is more likely to be granted than an indefinite one."). The Court will also be wary of granting additional stays that, though finite, will together amount to a near-indefinite one. Plaintiffs deserve resolution of their claims and an extended delay weighs against both Plaintiffs' interest and the public interest, as the Court has noted previously. *See* Memorandum Opinion & Order, ECF No. 157 at 8; Minute Order, October 17, 2022. The Court is granting the pending motion to provide Defendants with an opportunity to assess the status of their parallel criminal proceedings, after which point the Court expects this civil matter to resume progression.

## IV. CONCLUSION AND ORDER

The Court GRANTS Defendants' [171] Joint Motion for Stay and ORDERS that the proceedings against them be STAYED until FEBRUARY 9, 2023.

The Court also CONTINUES the status conference set for January 6, 2023 until FEBRUARY 17, 2023 at 1:30 pm via Zoom videoconference.

SO ORDERED.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
