**PFIZER IRELAND PHARMACEUTI-CALS and Pfizer, Inc., Plaintiffs,**

v.

**ALBERS MEDICAL, INC., Albers Medical Distributors, Inc., and Med–Pro, Inc., Defendants/Third Party Plaintiffs,**

v.

**OTS Sales, Inc., Paul Kriger, and Diana Coelyn, Third Party Defendants.**

No. 03–0489–CV–W–ODS.

United States District Court,
W.D. Missouri,
Western Division.

Dec. 16, 2004.

---

592

Joseph G. Matye, Justin M. Dean, Marie S. Woodbury, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Paul C. Llewellyn, Steven Roth, Thomas A. Smart, Kaye Scholer, LLP, New York City, for Plaintiffs.

Cathy J. Dean, Polsinelli, Shalton & Welte, Kansas City, MO, for Defendant.

### ORDER GRANTING GOVERNMENT'S MOTION TO INTERVENE AND TO STAY DISCOVERY

SMITH, District Judge.

█ Pending is the Government's motion to intervene for the limited purpose of seeking a stay of discovery combined with its motion to stay discovery. For the following reasons, the motion (Doc. # 156) is granted.

Plaintiffs manufacture and sell a drug known as Lipitor, and initiated this suit in June 2003 alleging Defendants (including Albers Medical, Inc. ("AMI")) were involved in the distribution and sale of counterfeit Lipitor. Defendants filed third-party claims against OTS Sales, Inc. ("OTS") and Diana Coelyn, among others. Meanwhile, because the sale of counterfeit drugs violates federal law, the Government initiated a criminal investigation. In fact, the Government's investigation predates the filing of this suit by a few months. The Government's investigation has resulted in the filing of a criminal complaint against Defendant Julio Cesar Cruz, and Cruz's entry into a cooperation agreement with the Government. Coelyn has plead guilty to charges of mail and wire fraud[1] and has also agreed to cooperate with the Government's investigation. The Government's investigation continues at this time, and OTS is among the targets of the investigation.

Only two parties responded to the Government's motion. Significantly, Plaintiffs have not responded, thereby foregoing their opportunity to oppose the motion. AMI has responded and indicated its acquiescence so long as the Court stays all activity in the case and extends all deadlines in order to avoid prejudicing the parties. OTS opposes a complete stay and suggests the Court stay all discovery except for discovery permitted by Rule 34 and Rule 45.

While there is no clear authority from the Eighth Circuit, the parties agree other Courts of Appeal have recognized the trial court's discretion to grant the relief requested by the Government. *E.g., SEC v. Dresser Indus., Inc.,* 628 F.2d 1368 (D.C.Cir.1980) (en banc). *Dresser* recognized meritorious requests might be initiated by either the defendant or the Government, that such requests involve a fact-intensive inquiry, and the strongest justification for granting a stay involves a defendant's request where the defendant is required to defend itself in related civil and criminal proceedings, in which case a stay might be required to protect the defendant's Fifth Amendment rights. 628 F.2d at 1376. Such a request does not automatically require granting a stay, *e.g. Koester v. American Republic Investments, Inc.,* 11 F.3d 818, 823 (8th Cir.1993), but it is worth noting Cruz has filed his own request for a stay.

█ While not the "strongest" justification for stay, a request from the Government is not automatically deemed to lack merit. "The government ha[s] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988) (per curiam); *see also Afro–Lecon, Inc. v. United States,* 820 F.2d 1198, 1203–04 (Fed.Cir.1987); *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).

The Court concludes the Government's case and the civil case overlap, if not completely then at least in large measure. Both cases have, as their objective, determining

---

1. According to the Government, the charges arose in part from Coelyn's receipt of kickbacks from AMI on sales of fake Lipitor from AMI to Coelyn's employer.

the nature and circumstances of the distribution of the allegedly counterfeit Lipitor. It is true that only Cruz has been charged with the crime,[2] but Coelyn has plead to charges stemming from and related to the subject matter of the investigation. In addition, the Government represents additional charges will be filed shortly and buttresses this assertion by suggesting (in its Reply Suggestions) a stay of limited duration to allow time for charges to be filed. It is highly probable that those who may be charged are defendants or third-party defendants in this case, so the circumstances may be on the verge of mirroring those *Dresser* described as the "strongest" justification for a stay to a larger extent than is currently present in light of Cruz's request for a stay. Plaintiffs have not opposed the stay, so their interests in expeditious resolution of this suit is not a factor. There is no real burden to the other parties because a stay requires them to do nothing. The interests of the judicial system and the public are served by a limited stay to preserve resources and protect the integrity of the Government's investigation. This latter justification is particularly applicable in this case given that continuation of discovery, even if limited to production of documents, will violate the Government's interests as discussed in *Chestman, Afro-Lecon,* and *Campbell.* Given the nature of the case, these interests—and the corresponding risk to the criminal investigation—are heightened, and the Court believes it best to grant a limited stay.

Accordingly, the Government is granted leave to intervene for the limited purpose of seeking a stay, and its request for a stay is granted. All discovery in this case is stayed until April 18, 2005. Once the stay expires, parties are free to request whatever changes to the Scheduling and Trial Order or other deadlines they feel are necessary to protect their interests.

IT IS SO ORDERED.

---

**2.** OTS correctly observes that the cases discussing this issue speak of "indictments" and that Cruz was not indicted. As a matter of linguistic accuracy, OTS is correct; however, the Court reads those cases as examining whether criminal charges have been filed or otherwise initiated.