SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Joseph F. DOODY IV, et al., Defendants.

No. 01 CIV 9879(LAK).

United States District Court, S.D. New York.

Feb. 11, 2002.

David B. Anders, Assistant United States Attorney, James B. Comey, United States Attorney.

David Smith, Dionna Litvin, Deborah Epstein Henry, Schnader Harrison Segal & Lewis LLP, Philadelphia, PA, for Defendant Joseph F. Doody.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The United States moves to intervene in this civil action and to stay (a) production by the SEC of transcripts of prior witness depositions and interview notes, (b) initial disclosures of witness lists and related information under Rule 26(a)(i)(A), and (c) depositions, all pending completion of related criminal proceedings. Defendant Joseph F. Doody, one of three defendants in the civil case, but not a defendant in the related criminal case, resists the motion.

*Facts*

On November 8, 2001, a grand jury sitting in this district returned an indictment

charging Joseph F. Doody, IV, with securities fraud. The charge, in substance, is that Doody traded on material inside information regarding an impending merger between BetzDearborn, Inc. and Hercules Incorporated which he obtained from his girlfriend, Diane Neiley.

On the same date, the SEC brought this civil action against Doody, his father, Joseph F. Doody ("Doody Sr."), and Neilly charging the same insider trading scheme. Doody is alleged to have tipped Doody Sr. on the basis of the tips he received from Neilly, and Doody Sr. is alleged to have traded on that information as well. The SEC seeks an injunction and other relief.

The trial of the criminal case now is set for March 8, 2002 before Judge Scheindlin. In the meantime, Doody Sr. has commenced an ambitious discovery program in this action, seeking answers to interrogatories from and production of documents by the SEC which, the government says, would result in premature disclosure of the evidence upon which it hopes to rely in the criminal case. In addition, Doody Sr. has noticed Neilly's deposition, and the government apprehends that he will seek to depose individuals who are likely to be witnesses in the criminal trial, thus further tipping the government's hand and, in effect, giving Doody an extra opportunity to cross-examine the government's witnesses.

### Discussion

■ The government has made a persuasive case that its interest in protecting its criminal case justifies its intervention here, and Doody makes no serious argument to the contrary. Accordingly, the

government will be permitted to intervene for the purpose of seeking relief against discovery in this case pending the completion of the criminal trial.[1] The question is whether it is entitled to that relief.

■ Once an indictment has been returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the criminal case.[2] In granting such relief, courts must weigh competing interests, including "the interests of the defendants, the interests of the plaintiffs in proceeding with the litigation, the public interest, and the interests of the courts and of third parties."[3]

■ Doody Sr. argues that the abundance of authority is not controlling or, arguably, even pertinent here because he is not a defendant in the criminal case and, moreover, has a compelling need to proceed expeditiously in the civil case. The need is said to stem from the fact that he is employed by Enron, is likely soon to be out of a job and, absent speedy disposition of the civil case, would have difficulty finding employment with the stigma from the SEC's charges against him hanging over his head.

To be sure, most cases involving stays of civil actions pending the completion of parallel criminal proceedings have involved common defendants. This case therefore is different to the extent that it is Doody Sr. who is leading the charge toward dis-

1. See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir.1988); SEC v. Downe, No. 92 Civ. 4092(PKL), 1993 WL 22126, at *11–12 (S.D.N.Y. Jan.26, 1993).

2. See, e.g., SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C.Cir.), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); Downe, 1993 WL 22126, at *12–13.

3. SEC v. HGI. Inc., No. 99 Civ. 3866(DLC), 1999 U.S. Dist. LEXIS 17377, at * 5–6 (S.D.N.Y. Nov. 9, 1999) (citing Jackson v. Johnson, 985 F.Supp. 422, 424 (S.D.N.Y. 1997)).

covery in this civil case. But the Court would have to be unimaginably naïve to suppose that Doody Sr. is not a stalking horse for Doody himself. Whether Doody Sr. discovers the government's case against his son or his son's attorneys do it by exercising their right, as counsel to a co-defendant in the civil case, to participate in discovery here is immaterial. The fact is that discovery here that would afford Doody access to information to which he would not be entitled in his defense of the criminal case almost surely would occur absent some relief.

Doody Sr. is at least arguably right also in saying that this case is unusual in that he would be subjected to some prejudice by a delay of civil discovery different than anything that might be claimed by one who is a defendant in both cases. But he has failed to demonstrate that he will suffer prejudice that outweighs the government's interest in obtaining a stay. Perhaps he will lose his job, and perhaps he will have some difficulty finding new employment while this action is pending. But the fact is that he has not lost it yet and may not lose it. Even if he does, the criminal case is scheduled for trial in approximately four weeks. Doody Sr. has provided no information concerning his financial situation, so there is no basis whatever to suppose that a delay of discovery in this case for, say, six weeks would mean the difference between his putting food on the table and starvation. Thus, Doody Sr.'s position is based on unfounded assumptions and inappropriate exaggerations. But he is not alone in having overstated his case.

■ The relief the government seeks is virtually a blanket stay of all disclosure in this case. Perhaps no discovery could be provided here without implicating its legitimate concerns in the criminal case, but that is not self evident. In consequence, the Court is left guessing as to just what protection the government legitimately requires. After having weighed the competing interests of the various parties, it therefore must make the best judgments it can in the circumstances.

## Conclusion

The government's motion for leave to intervene and for a stay of certain discovery is granted to the following extent:

(a) Intervention is granted for the purpose set forth above.

(b) The following discovery is stayed until the earliest of (i) the entry of a plea of guilty, (ii) the completion of the trial of the criminal case, and (iii) March 20, 2002:

(1) Rule 26(a)(i)(A) discovery.

(2) Production of transcripts of SEC testimony and notes of interviews of any person whom the United States Attorney's office certifies may be called as a witness in the criminal case.

(3) Depositions of any person whom the United States Attorney's office certifies may be called as a witness in the criminal case.

The motion is otherwise denied, albeit without prejudice to further application by the government for relief upon a specific showing that the particular discovery sought would threaten to prejudice the criminal prosecution.

SO ORDERED.