ACCEPTED
12-15-00216-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/3/2015 2:56:56 PM
Pam Estes
CLERK

NO. _____

IN THE
COURT OF APPEALS
FOR THE
TWELFTH DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

9/3/2015 2:56:56 PM

PAM ESTES
Clerk

IN RE THOMAS LYTLE AND ELLEN LYTLE,
Relators,

v.

THE HONORABLE TERESA DRUM, JUDGE
PRESIDING 294TH JUDICIAL DISTRICT
COURT OF VAN ZANDT COUNTY, TEXAS,
Respondent,


Real Parties in Interest:

David C. Petruska
Sandra L. Petruska
Helmuth K. Gutzke and
Zackiann Gutzke,
Defendants.

APPENDIX TO PETITION
FOR WRIT OF MANDAMUS
PART ONE

Barbara L. Emerson, Esq.
Texas State Bar No. 06599400
BELLINGER & SUBERG, LLP
10,000 N. Central Expy., Suite 900
Dallas, TX 75231
214.954.9540 – Telephone
214.954.9541 – Facsimile
bemerson@bd-law.com

ORAL ARGUMENT REQUESTED

**TO THE HONORABLE COURT OF APPEALS:**

Pursuant to Tex. R. App. p. 52.3(f) attached hereto as an appendix to Relators Thomas Lytle and Ellen Lytle's Petition for Writ of Mandamus are true and correct copies of the following:

| TAB 1. | Certified Copy of Order Staying Proceedings signed August 21, 2015 | 001 |
|---|---|---|
| TAB 2. | Certified Copy of Defendant David C. Petruska's Motion to Stay All Proceedings With Legal Authorities in Support, filed August 4, 2015 | 002 |
| TAB 3. | Certified Copy of Plaintiffs' Opposition to Defendant David C. Petruska's Motion to Stay All Proceedings, filed August 14, 2015 | 017 |
| TAB 4. | Certified Copy of Plaintiffs' First Amended Petition, filed February 12, 2015 | 023 |
| TAB 5. | Relevant Caselaw cited in Relators' Petition for Writ of Mandamus with Excerpts Highlighted | 029 |
| | *U.S. v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983) | 029 |
| | *Alcala v. Texas Webb County,* 625 F.Supp.2d 391, 397 (S.D.Tex. 2009) | 034 |
| | *In re Charles D. Messervey Trust,* No. 04-00-00700-CV, 2001 WL 55642 (Tex. App.—San Antonio Jan. 24, 2001) (orig. proceeding) | 053 |
| | *In re Gore,* 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007) (orig. proceeding) | 057 |
| | *Gebhardt v. Gallardo,* 891 S.W.2d 327, 331 (Tex. App.—San Antonio 1995) | 063 |

CAUSE NO. 14-00172

| | | |
|---|---|---|
| THOMAS LYTLE & ELLEN LYTLE | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 294th JUDICIAL DISTRICT |
| | § | |
| DAVID C. PETRUSKA, ET. AL. | § | VAN ZANDT COUNTY, TEXAS |

## ORDER STAYING PROCEEDINGS

*Aug. 17, 2015*

NOW on ~~this day~~ the application for Stay of Proceedings filed in this matter on August 4, 2015 comes on for hearing. The Court having examined the application, the evidence and counsels' argument, is of the opinion that the Motion should, in all things be granted.

THE COURT FINDS that the defendant, David C. Petruska, is the subject of a Felony Indictment currently pending in the District Court of Van Zandt County, Texas and such indictment contains factual allegations substantially similar to the allegations contained in the instant matter.

THE COURT FURTHER FINDS that to continue these proceedings in this case would create an impermissible jeopardy to the Defendant and would have the potential to cause the Defendant to be forced to either forego his constitutional right against self-incrimination or be forced to waive his constitutional right and suffer the consequences, if any, of such waiver.

THE COURT FURTHER FINDS that it is inappropriate in the instant case to force the Defendant to choose between the assertion of or a waiver of his constitutional rights at this stage of this litigation.

IT IS THEREFORE ORDERED AND RENDERED that this proceeding is hereby stayed for a period ending the earlier of six-months from the date of the Order, or the completion of the trial level proceedings in the Van Zandt criminal action. In the event that the criminal matter is not resolved within the six-month stay, the Defendant, David C. Petruska, has the right to again move this Court for an additional stay and the Plaintiffs have the right to oppose such stay should the Plaintiffs choose to make such opposition.

Signed this _21_ day of August, 2015.

Honorable Teresa A. Drum
District Judge Presiding

**ORDER STAYING PROCEEDINGS – page 1**

I certify this to be a true and exact copy of the original on file in the District Clerk's Office, Van Zandt County, Texas.
By _____
DEPUTY CLERK

TAB 1

**APPENDIX 1**

Filed 8/4/2015 10:45:22 AM
Karen L. Wilson
District Clerk
Van Zandt County, Texas

Kimberly Knowles

NO. 14-00172

| | | |
|---|---|---|
| THOMAS LYTLE AND ELLEN LYTLE, | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| DAVID C. PETRUSKA, SANDRA L. PETRUSKA, COMPASS BANK, HELMUTH K. GUTZKE, and ZACKIANN GUTZKE | § § § § § | 294th JUDICIAL DISTRICT VAN ZANDT COUNTY TEXAS |

## DEFENDANT DAVID C. PETRUSKA'S MOTION TO STAY ALL PROCEEDINGS WITH LEGAL AUTHORITIES IN SUPPORT

TO THE COURT

COMES NOW, David C. Petruska, Defendant herein, by and through his attorney of record, Michael Pezzulli, and respectfully moves this Honorable Court for an Order staying all discovery proceedings, on the following grounds and reasons:

### FACTUAL BACKGROUND

Plaintiff's First Amended Petition seeks to inject state law claims of threat of bodily injury. Specifically, Plaintiff claims that "Petruska has taken actions to assert his rights to the easement, including coming onto Plaintiffs' property and threatening Plaintiff Thomas Lytle with an assault rifle, and continuing to assert an easement existed in his pleadings before this court.

Motion to Stay


I certify this to be a true and exact copy of the original on file in the District Clerk's office.

By _____
DEPUTY CLERK

**APPENDIX 2**

TAB 2

In essence, Plaintiff's suit papers mirrors the indictment that Plaintiff obtained against the Defendant in Van Zandt County, Texas on April 21, 2014. Specifically, the indictment[1] alleges that the Defendant, David Petruska, on or about February 15, 2014, did intentionally or knowingly threaten Tom Lytle with imminent bodily injury and did there use or exhibit a deadly weapon, to wit: a firearm, during the commission of said assault and said firearm in the manner and means of use could have caused serious bodily injury or death to Tom Lytle.[2]

## SUMMARY OF THE ARGUMENT

This requested stay involves weighing Mr. Petruska's fundamental constitutional right to a fair trial in this civil threat of bodily injury case against a claim that somehow the Plaintiff will be injured if he cannot maintain a parallel prosecution of the identical claims.

Discovery will obviously seek to elicit evidence from the defendant that he engaged in the identical alleged illegal activity that is the subject of the State Indictment. The civil proceeding, if not deferred, will undermine Defendants' Fifth Amendment privilege against self-incrimination, expand rights of discovery beyond the limits of Texas Rule of Criminal Procedure and expose the basis of the defense to the prosecution in advance of a criminal trial. A delay of this civil proceeding will not seriously jeopardize the public interest.

---

[1] A true and correct copy of the indictment is attached hereto as Exhibit 1.
[2] Plaintiff's First Amended Complaint at Page 4, Paragraph 23.

Motion to Stay



APPENDIX 3

## LEGAL ARGUMENT

**A. When the court forces Relator to choose between waiving his Fifth Amendment right or suffering an adverse inference in this civil case, an abuse of discretion occurs.**

Should this Court force the Defendant to answer civil discovery and forego his constitutional right against self-incrimination while the option to stay the civil proceedings is available, such order would be an abuse of discretion. In *Wehling v. Columbia Broadcasting System*, Wehling invoked his Fifth Amendment right to silence in the civil case while there was a competing grand jury proceeding, and the district court ordered Wehling to answer the discovery requests or suffer dismissal of his civil case. 608 F.2d 1084, 1086 (5th Cir. 1979), *on reh'g*, 611 F.2d 1026 (1980). Subsequently, the district court dismissed his case and refused to grant a stay of civil discovery. *Id.* at 1086. On appeal and under an abuse of discretion standard of review, the *Wehling* court reversed the dismissal of Wehling's civil suit holding the district court's dismissal was "constitutionally impermissible," for the U.S. Supreme Court has "disapproved of procedures which require a party to surrender one constitutional right in order to assert another." 608 F.2d at 1088 (noting that dismissal of the civil case is inappropriate where other, less burdensome remedies [such as a stay of civil discovery] are

Motion to Stay

APPENDIX 4

available) (citing *Simmons v. United States*, 390 U.S. 377, 394 (1968)). Therefore, when a court forces the Defendant to answer civil discovery and forego his constitutional right to silence while the option to stay the civil proceedings is available and the Defendant is under criminal indictment for the same events, the refusal to stay the civil case is an abuse of discretion.

## B. If ordered to give a civil deposition, Defendant will be unable to adequately defend himself in both cases, thus violating his constitutional rights to due process and against self-incrimination.

Absent the requested stay, the Defendant will be unable to answer any questions of substance in his civil deposition; therefore, he will be unable to make his defense to the accusations asserted by the Plaintiff, Tom Lytle. This outcome is an unconstitutional denial of David Petruska's right to due process in this case. A fundamental precept of our judicial system is equal treatment under the law and hamstringing David Petruska by the tactic of insisting on a premature deposition to force assertion of the Fifth Amendment violates that premise. Once a deposition occurs in this context, the harm is done, and the bell cannot be unrung.

This trial court should stay the civil case when, as here, such a stay is necessary to avoid "substantial and irreparable prejudice." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). In this case, Defendant's exposure to an adverse inference from the invocation of the Fifth Amendment would similarly result in such "substantial and irreparable prejudice" if the action proceeds. Each time the

Motion to Stay

APPENDIX 5

Defendant asserts the Fifth Amendment privilege, which would occur continuously throughout these proceedings, his credibility would be subject to negative inferences. *See, e.g., Gebhardt v. Gallardo, 891 S.W.2d 327, 331 (Tex. App.-San Antonio 1995, no writ); Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).* Undoubtedly, the accumulated effect of these negative inferences will be crippling to his defense, and will force David Petruska to relinquish his right to due process and forfeit his legal remedies in this civil case.

Under these circumstances, the Court should attempt to fashion a remedy that does not impinge upon the Defendant's constitutional right and does not unduly prejudice either of the parties. *See, e.g., Texas Department of Public Safety Officers Association v. Denton, 897 S.W.2d 757, 763 (Tex. 1995)* ("the trial court should weigh options for delaying civil proceedings during the pendency of criminal investigations or parallel proceedings"). A temporary judicial stay is one such remedy. *See, e.g., Librado v. MS. Carriers, Inc., C.A. No. 3:02-CV-2095D, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 5, 2002)* (finding that a partial stay was appropriate until such time as a verdict of not guilty has been returned or sentencing has been completed in the criminal action against defendant).

Under Texas law, a trial court may stay a pending case at its discretion. *Myer v. Tunks, 360 S.W.2d 518, 522-23 (Tex. 1962); Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co., 794 S.W.2d 944, 946 (Tex. App.-Houston [1st Dist.] 1990, no writ).* In determining whether to stay an action, the trial court should consider the

Motion to Stay

APPENDIX 6

similarity of issues between the criminal matter and the civil litigation. *See* *Jackson v. Smith Sec. Serv., Inc.*, 786 S.W.2d 787, 788-89 (Tex. App.-Houston [1st Dist.] 1990, no writ) (where the court using its discretionary power stayed the plaintiffs appeal of her civil case "until the Court of Criminal Appeals has decided her criminal appeal and issued a mandate").

### C. Several factors weigh in favor of granting the stay of the civil proceeding.

All of the common law factors point to a stay of the civil proceeding. When considering a motion to stay in the context of competing interests between the parties, courts generally weigh several factors, including: (1) the extent to which the issues in the two cases overlap, (2) the status of the cases including whether the defendant has been indicted, (3) the interests of the plaintiff in proceeding versus the prejudice caused by delay, (4) the interests of the defendant, (5) the interests of the courts, and (6) the public interest. *See, e.g., Librado*, 2002 WL 31495988 at *1; *Fierson v. City of Terrell*, C.A. No. 3:02 CV 2340-H, 2003 WL 21355969, at *3 (N.D. Tex. June 6, 2003); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Each of these factors support staying this case pending resolution of the parallel criminal proceeding against the Defendant.

The most important factor to be considered in determining whether to grant a stay "is the degree to which the civil issues overlap with the criminal issues." *Frierson*, 2003 WL 21355969, at *3 (finding that the overlap between the issues in parallel civil and criminal sexual harassment suits justified a civil stay).

Motion to Stay

APPENDIX 7

In this case, the subject matter of the civil suit and the criminal indictment is *virtually identical,* both actions arise out of the same February 15, 2014 allegations that the Defendant threatened the Plaintiff with a deadly weapon. In fact, the overlap is so extensive that the Defendant could "legitimately refuse to answer essentially all relevant questions because of the threat of incrimination." *United States v. Melchor Moreno,* 536 F.2d 1042, 1049 (5th Cir. 1976) (citing *United States v. Gomez-Rojas,* 507 F.2d 1213, 1220 (5th Cir. 1975) (holding that in such circumstances, a witness could be totally excused from responding to civil inquiries). Here, the criminal and civil cases almost completely overlap. *See also Kmart Corporation v. Aronds,* C.A. No. H-96-1212 (S.D. Tex. Dec. 11, 1996) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Id.* at 5) (citing, *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375-76 (D.C. Cir.), *cert. denied,* 449 U.S. 993 (1980)).

The second factor, the status of the cases, also weighs in favor of a stay of this civil action. *See id.* ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct....."). In this matter, David Petruska faces current pending felony charges for the same conduct alleged by Plaintiff herein. If discovery against Mr. Petruska were to proceed before resolution of the criminal proceeding, the parties in both cases might very well encounter the kinds of conflicts and tensions-*e.g.,* assertions of Fifth Amendment privileges by potential witnesses and concerns about the

APPENDIX 8

impact of discovery in this action on the parallel criminal proceeding-that a stay is precisely designed to prevent.

The third factor cited above, the interests of the plaintiff, also weighs in favor of a stay of this proceeding. Because it appears that the criminal action will be resolved in the reasonably near future, any inconvenience or other prejudice associated with delaying these proceedings is likely to be slight, if not altogether non-existent. *See* *Trustees of Plumbers*, 886 F. Supp. at 1140 (indicating that the expectation that the related criminal action would be resolved within six months supported staying the civil case). Moreover, the interests of the Plaintiff herein, must be severely discounted to a *de minimis* amount, for the Plaintiff's entire claims are that he has fear and apprehension. If the Plaintiff can actually prove his allegations, there will be little impact on his claimed damages for a six-month to a year stay in the civil action.

The interests of the Defendant, the fourth factor, clearly support a stay of this proceeding. Because the two cases arise from the same alleged facts, the Defendant faces the unenviable prospect that every statement he makes in the civil proceeding could be used against him in the criminal case (where, of course, ordinarily the parties are permitted only limited discovery). In short, allowing discovery against the Defendant in the instant action, and that would include discovery from the Defendant or his wife, to proceed on a simultaneous "double track" with the criminal action compromises Defendant's due process rights in both proceedings.

Motion to Stay

8

APPENDIX 9

The fifth factor cited above, which considers the courts' interests, also supports staying this proceeding. Staying discovery in this case against the Defendant until the criminal proceeding is no longer pending will serve judicial economy because the parties will be in a better position to cooperate with each other on testimonial matters-thereby avoiding unnecessary disputes and moving the case along-once the overriding concern about the effect testimony in this proceeding has on the criminal case is removed. A short stay in this proceeding also alleviates the consideration by the trial court of the adverse inference claims that will arise if civil discovery against the Defendant were allowed to proceed.

Finally, the last factor, the public interest, supports a stay as do the other factors. "[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003). Staying this action in favor of the nearly identical criminal action would permit the latter to be resolved without any possibility of interference from the civil proceeding (*e.g.*, claims or disputes that one party was using the testimony in this civil matter unfairly in the criminal case).

Thus, all of the factors weigh in favor of granting the stay of the civil proceeding.

### D. Texas Law Supports the Granting of the Requested Stay

The Texas Supreme Court has explained that the dangers of compelling "any prospective criminal defendant to testify are real." *Texas Department of Public Safety Officers Association v. Denton*, 897 S.W.2d 757, 764 (Tex. 1995) (Gonzalez, J., concurring). As "the scope of discovery allowed in a civil trial may

Motion to Stay

APPENDIX 10

exceed what a prosecutor would be permitted in a criminal proceeding," a prosecutor "could use the discovery responses ... against [Defendant] in a criminal proceeding," for the civil "testimony might give a prosecutor a dress rehearsal of [Defendant's] defense to criminal charges." *Id.* at 764-65 (collecting cases).

Because of those dangers and due process concerns, the Texas Supreme Court has followed its federal counterparts and held that even a civil plaintiff is entitled to the protections afforded by the Fifth Amendment when there is a threat of criminal proceedings. *Id.* at 760-61. If by asserting the right to silence, Defendant jeopardizes his civil case, then the guarantee of that right would ring hollow. Even in the case where it is a civil plaintiff who is using the privilege offensively, the Texas Supreme Court held that the following should be considered in assessing how to proceed: When delaying civil proceedings during the pendency of criminal investigations, one should consider the statute of limitations for the relevant crime, and "the extent to which the delay would prejudice the defendant's ability to prepare a defense." *Id.* at 763 (citing, *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084 (5th Cir. 1979)).

The *Denton* opinion stands for the proposition that the trial court must fashion a remedy to make the proceeding fair to both parties.

The Fifth Amendment can be asserted in both civil and criminal trials "wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarth v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 17,69 L. Ed. 158 (1924); *see Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 1656

Motion to Stay
10

APPENDIX 11

32 L. Ed. 2d 212 (1972). Generally, the exercise of the privilege should not be penalized. *Spevack v. Klein*, 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L. Ed. 2d 574 (1967); *Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L. Ed. 2d 653 (1964).... The rule against penalizing the use of the privilege does not prohibit a trial court from taking acts to ensure that the civil proceeding remains fair.

*Id.* at 760.

### E. Conclusion and Prayer for Relief

The Defendant, David Petruska, respectfully submits this Motion and Brief in support of the Granting of a Stay of the Civil Litigation and requests that this Court stay all trial proceedings, including but not limited to the deposition of the Defendant and his wife, in this case pending the outcome of the related criminal matter. Defendant also seeks all other relief to which he may show himself justly entitled.

Motion to Stay



APPENDIX 12

Respectfully submitted,
Holmes Firm PC


By *Michael F. Pezzulli*
Michael Pezzulli
SBN# 15881900
14911 Quorum Drive, Suite 340
Dallas, Texas 75254
Direct:  469-316-3428
Main #: 4699167700 Ext. 104
michael@courtroom.com


Rothwell B. Pool
SBN# 16120500
408 W. Nash St.
Terrell, Tx. 75160-2502
Phone: 972-524-7585
RB@rbpoollaw.com


Counsel for Defendants, David C. Petruska and
Sandra L. Petruska

Motion to Stay



APPENDIX 13

## CERTIFICATE OF CONFERENCE

I hereby certify that an email conference was had with opposing counsel and no agreement could be reached.

/s/*Michael F. Pezzulli*

Michael Pezzulli

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was emailed to opposing counsel, Ms. Barbara Emerson and Mr. Ralph Allen this the 3rd day of August, 2015.

/s/ *Michael F. Pezzulli*

Michael Pezzulli

Motion to Stay



APPENDIX 14

F1400120

Cause No. *CR14·00185*

Court: 294th Judicial District Court of Van Zandt County, Texas

The State of Texas Vs. DAVID CHARLES PETRUSKA

Charge: PC Section 22.02-Aggravated Assault with a Deadly Weapon

Degree: Second Degree Felony

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

   THE GRAND JURY, for the County of Van Zandt, State of Texas, duly selected

impaneled, sworn, charged, and organized as such at the JANUARY Term A.D. 2014 of the

294th Judicial District Court for said County, upon their oaths present in and to said court at said

term that DAVID CHARLES PETRUSKA hereinafter styled Defendant, on or about

FEBRUARY 15TH, 2014, and before the presentment of this indictment, in the County and State

aforesaid, did then and there intentionally or knowingly threaten TOM LYTLE with imminent

bodily injury by POINTING A FIREARM AT HIM AND THREATENING TO KILL HIM, and

did and there use or exhibit a deadly weapon, to wit: A FIREARM, during the commission of the

said assault and said FIREARM in the manner and means of use could have caused serious

bodily injury or death to TOM LYTLE;

**Against the peace and dignity of the State.**

Foreman of the Grand Jury

EXHIBIT
1
PENGAD 800-631-6989

I certify this to be a true and exact copy of the original on file in the District Clerk's Office Van Zandt County, Texas
BY
DEPUTY CLERK
CERTIFIED COPY

**APPENDIX 15**

# THE STATE OF TEXAS
## CR14-00185

============================================================

### PRECEPT TO SERVE INDICTMENT

============================================================

TO THE SHERIFF OF VAN ZANDT COUNTY, SAID STATE, GREETING:

YOU ARE HEREBY COMMANDED to serve

DAVID CHARLES PETRUSKA , DOB: 5/11/1945

the defendant in Cause No. CR14-00185, wherein The State of Texas is plaintiff, and DAVID CHARLES PETRUSKA , is defendant, in person, with the accompanying certified copy of the original Bill of Indictment now on file in 294th District Court, Van Zandt County, Canton, Texas.

HEREIN FAIL NOT, but of this Writ make due return as the law directs.

Issued and given under my hand and seal of Office, this the 21st

Of April , 2014.

KAREN WILSON, CLERK
294TH DISTRICT COURT
VAN ZANDT COUNTY, TEXAS

BY _____ DEPUTY

------------------------------------------------------------

### SHERIFF'S RETURN

Came to hand on the _25_ day of _April_ , 20_14_, at _1_ o'clock _p_.M., and executed by delivering to the within named defendant, _David Charles Petruska_ in my custody, in person, a certified copy of the indictment mentioned within, and delivered to me with this writ, on the _25_ day of _April_ , 20_14_: Returned on the _25_ day of _April_ , 20_14_.

_L. Ray_ Sheriff,
_Van Zandt_ County, Texas.

BY _Hughes #851_ DEPUTY

I certify this to be a true and exact copy of the original on file in the District Clerk's Office, Van Zandt County, Texas.
DEPUTY CLERK

DEFENDANT'S COPY

**APPENDIX 16**

Filed 8/14/2015 6:41:45 PM
Karen L. Wilson
District Clerk
Van Zandt County, Texas
Marisa Chaney

Kimberly Knowles

CAUSE NO. 14-00172

| | | |
|---|---|---|
| THOMAS LYTLE AND ELLEN LYTLE | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| DAVID C. PETRUSKA, SANDRA L. | § | 294TH JUDICIAL DISTRICT |
| PETRUSKA, COMPASS BANK, | § | |
| HELMUTH K. GUTZKE AND | § | |
| ZACKIANN GUTZKE | § | VAN ZANDT COUNTY, TEXAS |

### PLAINTIFFS' OPPOSITION TO DEFENDANT
### DAVID C. PETRUSKA'S MOTION TO STAY ALL PROCEEDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Thomas Lytle and Ellen Lytle and file this their Opposition to *Defendant David C. Petruska's Motion to Stay All Proceedings* ("Motion to Stay") and in opposition to the motion would show the Court as follows:

### PROCEDURAL BACKGROUND

This suit was filed on July 9, 2014 against Defendant David Petruska and others as an action seeking a declaratory judgment regarding an alleged easement on Plaintiffs' real property. In addition, Plaintiffs sought damages pursuant to TEX. CIV. PRAC. & REM. CODE § 12.002(b) for the filing and claim of a fraudulent encumbrance on Plaintiffs' real property. Included in the Original Petition is the following factual allegation:

> Petruska has taken actions to assert his rights to the easement, including coming on to Plaintiffs' property and threatening Thomas Lytle with an assault rifle.[1]

On February 12, 2015 Plaintiffs filed *Plaintiffs' First Amended Petition*. The above factual allegation remains in the Amended Petition and has not been expanded.

---

[1] *Plaintiffs' Original Petition* filed July 9, 2014, paragraph 24.

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID C. PETRUSKA'S
MOTION TO STAY ALL PROCEEDINGS
\\Bdnt-fs1\wpprolaw\3191.002\274205.docx

Page 1



APPENDIX 17

TAB 3

Prior to suit being filed, on or about April 21, 2015, David Petruska was indicted by a Van Zandt County Grand Jury (not by Plaintiff Thomas Lytle) for this assault with a deadly weapon.

Defendant David Petruska has previously alleged that the assault identified by Plaintiffs "had no connection to the disputed easement."[2] While Defendant David Petruska now contends these civil proceedings will undermine Defendant's Fifth Amendment privilege; Defendant has waived that privilege. By an Affidavit filed with this Court on December 1, 2014, an exhibit to *Defendants David C. and Sandra L. Petruska's Response to Plaintiff's Motion for Summary Judgment on Liability; Subject to Their Motion for Continuance*, Defendant testified as follows:

> In paragraph 21 of Plaintiff's Motion for Summary Judgment on Liability (filed October 29, 2014), the Lytles wrote, "The Petruskas have taken actions to assert their rights to the easement, including coming on to Plaintiffs' property and threatening Plaintiff, Thomas Lytle, with an assault rifle." This is false. I never came on to the Lytles' property with an assault rifle. On February 15, 2014, I had an unloaded assault rifle on my gator and was driving on my own property. I had my rifle because Thomas Lytle had threatened to shoot me and three other workers, while we were working on a fence on our property. I never threatened Thomas Lytle with my rifle. Also, my driving with the rifle in my gator had no connection to the disputed easement.[3]

Even if this Court were to find there is no waiver of Defendant's Fifth Amendment privilege, there are no grounds to stay proceedings in this action. The alleged risk to Defendant is one of his own making. As this Court is aware, Defendant David Petruska's criminal proceeding has been set for pretrial hearing eight times. In each instance the proceedings have been continued at Defendant's request.

---

[2] *Defendants David C. and Sandra L. Petruska's Response to Plaintiffs' Motion for Summary Judgment on Liability*, Subject to Their Motion for Continuance, page 15, paragraph 17.

[3] *Defendants David C. and Sandra L. Petruska's Response to Plaintiff's Motion for Summary Judgment on Liability*, Subject to Their Motion for Continuance, Tab 1, Affidavit of David C. Petruska, page 5, paragraph 19.

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID C. PETRUSKA'S
MOTION TO STAY ALL PROCEEDINGS
\\Bdnt-fs1\wpprolaw\3191.002\274205.docx

Page 2

CERTIFIED COPY

APPENDIX 18

## LEGAL ARGUMENT

The Courts have repeatedly held Defendant has no constitutional right to a stay of the civil proceedings. "There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions." *SEC v. Kiselak Capital Group, LLC*, No. 4:09-CV-256-A, 2011 WL 4398443 *2 (N.D. Tex. Sept. 20, 2011); *SEC v. First Financial Group*, 659 F.2d 660, 666 (5th Cir. 1981). There is no constitutional or statutory provision allowing a party "the right to choose the case, either criminal or civil, which he desires to first proceed to trial." *Gebhardt v. Gallardo*, 891 S.W.2d 327, 331 (Tex. App.— San Antonio 1995).

Defendant's request is an extraordinary remedy which acts as a blanket assertion of the Fifth Amendment. Blank assertions of the Fifth Amendment are improper. *SEC v. Kiselak Cap. Group, LLC*, 2011 WL 4398443 *2*; *United States v. Godwin*, 625 F.2d 693, 701 (5th Cir. 1980); *Gebhardt*, 891 S.W.2d at 330. It is "the rule rather than the exception" that civil and criminal proceedings move forward contemporaneously. *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009); *Gebhardt*, 891 S.W.2d at 330.

In determining whether a stay is appropriate, the "first and most important factor is the degree to which the civil issues overlap with the criminal issues." *SEC v. Kiselak Cap. Group*, 2011 WL 4398443 *2. In this instance, as admitted by Defendant David Petruska, the facts surrounding his assault on Thomas Lytle are related but tangential to whether Defendants claimed an easement and whether there was fraud under TEX. CIV. PRAC. & REM. CODE § 12.002(b). To justify a stay, David Petruska must make a strong showing that "the two proceedings will so overlap that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both [criminal

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID C. PETRUSKA'S
MOTION TO STAY ALL PROCEEDINGS
\\Bdnt-fs1\wpprolaw\3191.002\274205.docx

Page 3

APPENDIX 19

and civil cases] is impossible." *Alcala*, 625 F. Supp. 2d at 401. As in *Alcala*, the facts of the proceedings do not overlap. The criminal proceedings involved the actions of Defendant on one particular day: his threat to shoot and kill Plaintiff Thomas Lytle with an assault rifle. The conduct which forms the basis of this suit is "at least one step removed." Liability is based on actions taken years before David Petruska's assault and relate to property rights. As stated by the court in *Alcala*, any alleged overlap is further reduced when private parties are involved in the civil suit. *Id*. Private party plaintiffs have interests distinct from those of the government.

As there is little overlap, Defendant David Petruska has the ability to defend both actions and rely on this Fifth Amendment rights (to the extent not already waived). If he is questioned regarding the assault, he can repeat his earlier testimony, testify anew or invoke his Fifth Amendment right not to incriminate himself.

On the other hand, to invoke the extraordinary remedy of a stay would violate Plaintiff's rights under Article 1, Section 13 of the Texas Constitution. *In re: Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio, 2007). To stay the case will violate the "open courts" provisions of the Texas Constitution. *Gebhardt*, 891 S.W.2d at 332. Plaintiffs are entitled to their constitutional right of access to the courts. As part of that right they are entitled to full discovery within a reasonable time, to develop claims and have their case tried. *In re: Gore*, 251 S.W.3d at 699. In *Gore* the court identified repeated holdings by various Texas Courts of Appeal, finding an abuse of discretion when civil proceedings are stayed during the pendency of criminal proceedings.

To the extent Defendant's rights later become an issue the Court can fashion remedies less severe than a stay of the proceedings. Defendant may seek a protective order on discovery; the Court can determine through motions in limine how and when evidence may be admitted at

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID C. PETRUSKA'S
MOTION TO STAY ALL PROCEEDINGS
\\Bdnt-fs1\wpprolaw\3191.002\274205.docx

Page 4

CERTIFIED CO **APPENDIX 20**

trial. Defendant has not shown any factual basis to support the extraordinary relief sought. Defendant's entire argument is that there is a criminal proceeding pending so the civil action should be stayed. That simply is not the law.

Defendant David Petruska has not established special circumstances which would warrant such extraordinary relief. To grant this relief would deny Plaintiffs their constitutional right of access to the courts. Defendants' Motion to Stay should be denied.

WHEREFORE, for the reasons stated above, Plaintiffs Thomas Lytle and Ellen Lytle respectfully request that the Court deny the Motion to Stay.

Respectfully submitted,

BELLINGER & SUBERG, L.L.P.

By: _____

BARBARA L. EMERSON
Texas State Bar No. 06599400
10,000 N. Central Expy., Suite 900
Dallas, Texas 75231
Telephone: 214/954-9540
Facsimile: 214/954-9541
bemerson@bd-law.com

ATTORNEY FOR PLAINTIFFS,
THOMAS LYTLE AND ELLEN LYTLE



APPENDIX 21

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of foregoing has been forwarded to

all counsel via eservice and email on the 14th day of August, 2015 as provided below.

Ralph E. Allen
Attorney and Counselor at Law
100 East Ferguson, Suite 901
Tyler, Texas 75702
(903) 593-9727 Telephone
rallen@tyler.net

Michael F. Pezzulli
Holmes Firm PC
14911 Quorum Drive, Suite 340
Dallas, Texas 75254
(469) 916-7700
Michael@courtroom.com

Barbara L. Emerson

PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID C. PETRUSKA'S
MOTION TO STAY ALL PROCEEDINGS
\\Bdnt-fs1\wpprolaw\3191.002\274205.docx

Page 6

I certify this to be a true and
exact copy of the original on file
in the District Clerk's office
Van Zandt County, Texas
By_____
DEPUTY CLERK

APPENDIX 22